OPINION
PER CURIAM.
Regonaldo Demelio is an inmate currently serving a federal sentence at FCIAllenwood. On September 14, 2009, Demelio filed this pro se mandamus petition, requesting the following relief: that we (1) “oversee” his collateral attack proceedings in the United States District Court for the Western District of Pennsylvania, brought pursuant to 28 U.S.C. § 2255; (2) appoint him counsel in those proceedings; and (3) order the District Court to rule on his § 2255 motion. We will deny the petition.
I.
Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.2005). It is not a substitute for an appeal. See In re Chambers Dev. Co., 148 F.3d 214, 226 (3d Cir.1998). To demonstrate that mandamus is appropriate, a petitioner must establish that he has a “clear and indisputable” right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir.1996).
II.
As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir.1982). Indeed, given the discretionary nature of docket management, there can be no “clear and indisputable” right to have the district court handle a case on its docket in a certain manner. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). Nonetheless, mandamus may be warranted where a district court’s delay is *720 tantamount to a failure to exercise jurisdiction. See Madden, 102 F.3d at 79. This case, however, does not present such a situation.
Demelio filed his § 2255 motion to vacate his sentence and conviction on August 12, 2008. After the District Court granted its motion for a time extension, the Government filed a response on January 20, 2009, 2009 WL 145949. Demelio filed his reply on February 12, 2009. Only eight months have passed since then, during which time Demelio has filed several motions with the District Court. Given these facts, we do not find any delay by the District Court in adjudicating Demelio’s § 2255 motion to constitute a failure to exercise its jurisdiction. We are confident that the District Court will address the motion appropriately in due course.
III.
Like docket management, the decision to appoint counsel in proceedings brought under § 2255 is also a matter of discretion and, as result, there is no “clear and indisputable” right to that relief. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); see also 18 U.S.C. § 3006A(a)(2)(B) ([whenever ... the court determines that the interests of justice so require, representation may be provided in a § 2255 proceeding) (emphasis added). As we speak, Demelio’s second motion to appoint counsel is pending before the District Court[1], and the District Court alone will assess the merits of that motion at this stage. Therefore, we will not direct the District Court to appoint Demelio counsel in his § 2255 proceedings. Nor will we accept Demelio’s invitation to “oversee” the proceedings before the District Court; the occasion for our review of the proceedings would be when an appeal is taken.
Accordingly, we will deny Demelio’s mandamus petition.

. The District Court denied Demelio’s first motion to appoint counsel as premature because the Government had not yet filed its response to his § 2255 motion.